Dear Mr. Honeycutt:
You have requested an opinion of the Attorney General regarding whether it is permissible for the Livingston Parish Gravity Drainage District No. 1 to pay for the medical insurance of its board members.
La.R.S. 38:1751 states that, "[t]he various parishes of the state . . . may create on their own initiative, from lands which drain by gravity, gravity drainage districts." Pursuant to this authority, Livingston Parish created Gravity Drainage District No. 1 of the Parish of Livingston, State of Louisiana, allowing it all the rights, powers, privileges, and duties granted to and imposed on drainage districts through La.R.S. 38:1751, in Code of Ordinances of the Parish of Livingston, Louisiana Sec. 14-136.
The Louisiana Constitution defines "political subdivision" as a "parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions." La.Const. Art. VI, § 44 (2). Under this definition, since the Livingston Parish Gravity Drainage District No. 1 is a unit of local government and is authorized to perform governmental functions (all the rights, powers, privileges, and duties granted to and imposed on drainage districts), it is evident that the drainage district would, in fact, constitute a "political subdivision." It is also understood that as an agency created by and acting on behalf of Livingston Parish, the Drainage District would also be a unit of Livingston Parish, which is statutorily defined as a "political subdivision." In either case, whether independently or as unit of the parish, the Livingston Parish Gravity Drainage District No. 1 would be a "political subdivision" as defined by the Louisiana Constitution. *Page 2 
La.R.S. 33:5151 states as follows:
 A. Any municipality or political subdivision of the state may make contracts of insurance with any insurance company legally authorized to do business in this state insuring their employees and officials under policies of group insurance covering hospitalization, and retirement, for such employees and officials, and may agree to match the payments of the employees and officials for the premiums or charges for any such contracts payable out of the funds of such municipality or political subdivision, respectively.
 B. Nothing in this Section or in R.S. 42:851 shall be construed to limit the contribution of a local governmental subdivision toward the payment of premiums for accident and health protection for its employees or their dependents, or both.
Thus, La.R.S. 33:5151 allows any municipality or political subdivision of the state to make contracts of insurance with any insurance company, insuring their employees and officials under policies of group insurance covering hospitalization, and retirement, for such employees and officials, and may also agree to match the payments of the employees and officials for the premiums or charges for any such contracts. Since the Livingston Parish Gravity Drainage Board No. 1 is considered a political subdivision, the Livingston Parish Gravity Drainage District No. 1 may pay for the medical insurance of its board members given that all provisions of La.R.S. 33:5151 are satisfied.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 DANIEL D. HENRY JR.
 Assistant Attorney General
 JDC/DDH/jv